IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TAMMY HALL,

    Plaintiff

VS.

NO: 3:12-CV-492
Phillips/Shirley

MIKE MORTON, Assessor of Property
and BLOUNT COUNTY, TENNESSEE,

    Defendants

## COMPLAINT

Comes the Plaintiff, by and through counsel, and for cause of action against the Defendants would show unto this Honorable Court as follows:

1. Plaintiff, Tammy Hall, is a citizen and resident of Blount County, Tennessee.

2. Defendant, Mike Morton, is the former Property Assessor for Blount County, Tennessee and may be served at his residence, located at 3334 Melody Lane, Maryville, TN 37804.

3. Defendant, Blount County, Tennessee, may be served by Summons served upon its Chief Executive Officer, County Mayor Ed Mitchell, at his office located in the Blount County Courthouse, 341 Court Street, Maryville, TN.

4. The Defendant, Blount County, Tennessee, is an employer subject to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C., §2000(e), et seq., the Civil Rights Act of 1991, 42 U.S.C. §1981(a), and the Tennessee

1

Human Rights Act, T.C.A. §4-21-101, et seq., the Equal Pay Act and the Whistleblower Act.

5. Jurisdiction is based upon a federal question arising under 29 U.S.C. §621, et seq., and is proper pursuant to 28 U.S.C. §1331, as well as the Doctrine of Supplemental Jurisdiction (28 U.S.C. §1367). Venue is proper under the Code provisions cited herein, as well as the general venue provisions of 28 U.S.C. §1391.

6. Defendant, Blount County, Tennessee, is an employer who is engaged in all functions of the operation of government, which affects commerce, and employs more than the requisite number of employees to be subject to the provisions of the aforementioned statutes.

7. Plaintiff is female.

8. Plaintiff was an employee of the Property Assessor for Blount County, Tennessee until discharged from employment on or about June 15, 2011. Plaintiff had been employed by the Property Assessor since August 21, 2006.

9. During all times material hereto and during all times that Plaintiff was an employee of the Office of the Property Assessor for Blount County, the Defendant, Mike Morton, was the Property Assessor. At all times material hereto, the Property Assessor, Mike Morton, was responsible for supervision of the Office of Property Assessor and the employment of the Plaintiff, including extending to the Plaintiff opportunities for promotion, denying those opportunities, affording to her continued employment, or

2

discharging her from employment. At all times material hereto, the Defendant, Mike Morton, Property Assessor for Blount County, Tennessee, was acting as an agent for and on behalf of the County of Blount, Tennessee, rendering the principal, Blount County, Tennessee, responsible for his actions based upon the Doctrine of Respondent Superior.

10. At all times material hereto, Plaintiff was qualified and capable of performing the positions which she held and capable of performing the job to which she aspired and which she sought, but due to her gender was not considered.

11. At all times material hereto, Plaintiff received periodic reviews of her job performance and received positive feedback and favorable reviews. Additionally, at various times during her tenure in the Office of the Property Assessor, Plaintiff was called upon to assume additional responsibilities and in each case did so competently.

12. During the course of her employment, the Plaintiff received pay increases and promotions as a Clerk within the Administrative Services/Real Property Support Department and as the G.I.S. Mapping Technician of the office.

13. As mentioned, Plaintiff was hired August 21, 2006, as a Data Entry Clerk scheduled to work 37.5 hours weekly and the initial job position was deemed part-time and temporary.

14. While so employed as a part-time Data Entry Clerk, the position of Deputy

Assessor I became available when Jim Snell resigned. Plaintiff applied for said position and was told by the Defendant, Mike Morton, that approximately seven applicants would be interviewed, but she did not receive an interview. Due to the fact that the position was filled by an individual (Matt Miller), whom was not an employee of the Property Assessor's Office and Plaintiff was not even considered, Plaintiff would show that she tendered her written resignation to Charlene Webb. Plaintiff would show that upon learning of the decision to resign, the GIS Mapping Supervisor, Trevor McMurray, encouraged her to withdraw her resignation, stating that he would seek to have her transferred to his department as his "assistant". Thus, on April 2, 2007, Plaintiff was promoted to the position of Mapping Technician with a salary increase to $14.36 hourly ($28,000.00 annually), and said position was deemed a permanent full time position. However, Plaintiff still did not receive paid vacation days or personal days.

15. On or about November 1, 2007, Plaintiff's probationary period in her new full time permanent position was completed, such that her employment status was changed to "full time regular employee", which resulted in an additional pay increase to $15.08 per hour.

16. On or about July 1, 2008, Plaintiff received an additional wage increase to $15.68 per hour and vacation and personal days.

17. In January, 2009, Plaintiff received additional vacation and personal days equivalent to other employees within the office, consisting of two weeks paid vacation and three paid personal days.

4

18. On June 16, 2009, due to the gender discrimination which she was experiencing in the Office of the Property Assessor, Plaintiff wrote a letter which she forwarded to Jodie King, of the Human Resource Department, Human Resources Coordinator for Blount County, in which she made known that there was disparate treatment in the Office of the Property Assessor, depending upon whether you were a man or a woman.

19. As a result of the letter of the Plaintiff, as well as possibly the complaint of other employees within the Office of the Property Assessor, a meeting or meetings were held among the Director of Human Resources, Betsy Cunningham, the County's Risk Manager, Don Stallions, and the Defendant and Property Assessor, Mike Morton.

20. Upon information and belief, Mike Morton was cautioned that changes needed to be made to improve the work environment of the Office of Property Assessor so that the Office of Property Assessor for Blount County could provide a quality work place for its employees free from any type of hostility or discrimination.

21. As mentioned in the June 16, 2009 Memo that was created by the Plaintiff and provided to Jodie King, Human Resources Coordinator for Blount County, Tennessee, it was the aspiration of the Plaintiff to move from the GIS Mapping Department to the Real Property Department as a "Deputy Assessor". Plaintiff would show that this was a position for which she was repeatedly passed over due to her gender. Plaintiff would show that due to her prior experience working in the Administrative Services Department

5

and, more importantly, working in the position of Mapping Technician and at times serving as the only employee of the Mapping Department, she had valuable prior experience and was well suited for the position and was capable of performing the job in every respect. However, Plaintiff would show that, as has been stated herein above concerning the gender based discrimination prevalent in the Office of the Property Assessor, all Deputy Assessors whom worked under the supervision of the Field Operations Supervisor, Barry Mathis, and whom were supervised by the Property Assessor, Mike Morton, were always positions filled only by males.

22. Plaintiff would show that whenever a position of Deputy Assessor was available, she applied for or asked to be given the opportunity to apply for a job as a Deputy Assessor, and in every case, her requests were disregarded and other new male employees were hired in order to fill those positions, passing over the Plaintiff, in spite of her experience and requests to be considered for the openings. In every instance, Plaintiff would show that a male applicant was hired.

23. Plaintiff would show that on June 15, 2011, she was unceremoniously laid off from her position. Since her layoff, Plaintiff would show that her former position as the Mapping Technician has been filled by another employee. Plaintiff would aver that the layoff from her position was in retaliation for her speaking up about the gender based discrimination within the Office of the Property Assessor.

24. Plaintiff would show that after she was terminated she filed a timely Charge

6

Case 3:12-cv-00492-TWP-CCS Document 1 Filed 09/18/12 Page 6 of 9 PageID #: 6

of Discrimination and Retaliation with the Equal Employment Opportunity Commission.

25. Plaintiff has satisfied all of the procedural and administrative requirements of Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), by filing a timely charge of discrimination with the United States Equal Employment Opportunity Commission and by filing suit within 90 days from receipt of the "Letters Notice of Right to Sue".

26. This suit is timely filed.

27. The actions of the Defendant, Mike Morton, as the Property Assessor for Blount County, Tennessee, constitute discrimination against the Plaintiff affecting a term, condition or privilege of employment because of her sex, in violation of 42 U.S.C. §2000(e), et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981(a), and as retaliation for her speaking up about the discrimination present in the office. The actions and/or inactions of the Defendant, Mike Morton, are imputed to his principal, the County of Blount, Tennessee, based upon the Doctrine of Respondeat Superior and Blount County is liable to the Plaintiff for the consequences which flow from those actions.

28. As a result of the actions of the Defendants, the Plaintiff has lost tangible job benefits, including a loss of income and benefits, both past and future, and has suffered and will continue to suffer irreparable injury, emotional distress, humiliation and embarrassment, and other pecuniary losses as a result of Defendants' actions.

7

29. The actions of the Defendants, as set forth herein above, were intentional and/or in reckless disregard for the Plaintiff's protected Federal and State rights and the Defendant's disregard is sufficient to justify the imposition of substantial punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

1. Compensatory damages, including back pay and front pay, (or alternatively reinstatement if this Court deems that appropriate).

2. Liquidated damages and punitive damages.

3. Pre-judgment interest.

4. Reasonable attorney's fees.

5. The cost of this action.

6. A jury to try this cause.

7. Any other general relief that this Court deems appropriate.

8. A mandatory injunction requiring the Defendant to abide by the dictates of Title VII and all other applicable Federal and State laws, and ordering any other actions this Honorable Court deems appropriate.

Respectfully submitted this 17th day of July, 2012.

JACK W. PIPER, JR., BPR # 011100
Attorney for Plaintiff

O'CONNOR, PETTY, CHILD & PIPER
Attorneys at Law
Suite 310
Bank of America Center
550 W. Main Street
Knoxville, TN 37902
(865) 535-7115